# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DEMARCUS RONE, ) | |
| ) | |
| Movant, ) | |
| ) | No. 2:19-cv-02662-TLP-tmp |
| v. ) | No. 2:17-cr-20381-TLP-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DISMISSING MOTION UNDER 28 U.S.C. § 2255, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Movant Demarcus Rone[1] filed a letter requesting relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and *United States v. Davis*, 139 S. Ct. 2319 (2019), which the Court construed as a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("§ 2255 Motion"). (ECF No. 1-2.) On October 7, 2019, the Court ordered Movant to file an amended motion on the official form within twenty-eight (28) days. (ECF No. 3 at PageID 10.) The order provided further that "[f]ailure to timely comply with this order will lead to dismissal of this action without prejudice under Fed. R. Civ. P. 41(b) based on Movant's failure to prosecute." (*Id.*) Movant requested an extension of time until December 5, 2019, to file the amended motion on the official form. (ECF Nos. 5 & 6.)

---

[1] Rone is a federal prisoner, Bureau of Prisons register number 14915-010. The federal government is currently housing him at the Federal Correctional Institute in Forrest City, Arkansas.

To date, however, Movant has failed to file any amended motion. He has therefore failed to comply with the Court's order, and the time for him to comply has expired. The Court thus **DISMISSES** Movant's § 2255 Motion without prejudice for failure to prosecute under Rule 41(b).

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b). No § 2255 movant may appeal without such certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 336 (2003) (internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that Movant has failed to prosecute this matter. Because any appeal by Movant on the issues raised does not deserve attention, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and

thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)–(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Accordingly, the Court **DENIES** leave to appeal in forma pauperis.[2]

**SO ORDERED**, this 16th day of December, 2019.

       s/Thomas L. Parker
       THOMAS L. PARKER
       UNITED STATES DISTRICT JUDGE

---

[2] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.